IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM DALE CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 11-cv-1109-JPG |
| ) | |
| TERESA CASTEEL, KAREN SEIP, ) | |
| SUPERVISOR WATSON, ) | |
| WARDEN MARTIN, and ) | |
| CHRISTINE BOYD, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff William Carter, a former inmate at Shawnee Correctional Center ("Shawnee"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff filed this action while incarcerated at Shawnee, and he is now on parole from a twenty year sentence for armed home invasion. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

The following summary of facts is drawn from Plaintiff's pro se complaint (Doc. 1). He names Teresa Casteel (Shawnee Librarian), Karen Seip (Shawnee Grievance Officer), Brian Watson (Shawnee School Principal), Warden Martin, and Christine Boyd (Adult Education and Vocational Services), as parties who each violated his constitutional rights.

During his incarceration and since his release, Plaintiff has filed numerous lawsuits and habeas corpus petitions in both Illinois State courts and federal courts. During Plaintiff's time at

Shawnee, Defendant Casteel made litigating these cases difficult for him. Defendant Casteel refused to copy or notarize documents that she disagreed with. Additionally, she refused to make copies of cases and statutes so that Plaintiff could not engage in research while in his cell. These obstacles adversely affected Plaintiff's ability to litigate his § 2254 habeas petition in this Court, amongst other actions. *See Carter v. Shawnee Prison*, 2011 WL 2037611 (S.D. Ill. 2011).

Plaintiff requests compensatory and punitive damages, declaratory relief, and an injunction transferring him to a different prison.

**Discussion**

Plaintiff claims that Defendant Casteel interfered with his access to the court system. The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts. *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004). First, the prisoner must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins v. Lane,* 977 F.2d 266, 268 (7th Cir. 1992) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn,* 13 F.3d 1036, 1041 (7th Cir. 1994); *see also Lehn*, 364 F. 3d at 868. That means that a detriment must exist, a detriment resulting from illegal conduct that affects litigation. Furthermore, a prisoner must show actual substantial prejudice to specific litigation. *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993).

To state a claim, a plaintiff must explain "the connection between the alleged denial of

access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted); *accord Guajardo Palma v. Martinson*, 622 F.3d 801, 805-06 (7th Cir. 2010). This requires Plaintiff to identify the underlying claim that was lost. *See Christopher v. Harbury*, 536 U.S. 403, 416 (2002); *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007).

In this case, Plaintiff has identified specific encumbrances created by Defendant Casteel that could plausibly result in denial of access to the courts. While Plaintiff mentions several court actions that Defendant Casteel allegedly hindered, most of his claims lack sufficient specificity. However, in the case of his state mandamus action seeking the restoration of his good time credits, he claims that Defendant Casteel's refusal to allow access to legal materials, research, or copies. He alleges that Defendant Casteel's actions impaired his ability to prepare his pleadings free of the deficiencies and procedural errors that caused the court to deny him relief (Doc. 1, p. 6; Doc. 1-1, pp. 3-4). At this stage of the litigation, Plaintiff has stated a claim against Defendant Casteel that merits further review.

**Defendants Seip, Martin, Watson, and Boyd**

The above Defendants are only mentioned in Plaintiff's complaint as being Defendant Casteel's supervisors and colleagues. The doctrine of respondeat superior does not apply to § 1983 actions, so that in order to be liable a defendant must be alleged to be personally responsible for the constitutional violation. *See Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citing *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). Where a defendant has been alleged to have directed the conduct or to have given knowing consent to the

conduct which caused the constitutional violation, that defendant has sufficient personal involvement to be responsible for the violation, even though that defendant has not participated directly in the violation. *Chavez*, 251 F.3d at 652; *McPhaul v. Bd. of Comm'rs of Madison Cnty.*, 226 F.3d 558, 566 (7th Cir. 2000). A defendant in a supervisory capacity may then be liable for "deliberate, reckless indifference" where he or she has purposefully ignored the misconduct of his/her subordinates. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (discussing *Chavez*, 251 F.3d at 651 ("The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.")).

While Plaintiff may have notified some of these Defendants of Defendant Casteel's conduct, such notice is insufficient to subject them to liability under § 1983. Plaintiff only alleges that Defendant Casteel, and no one else, was personally responsible for the day-to-day operation of the law library and the alleged unconstitutional actions. Plaintiff mentions Defendants Seip, Martin, Watson, and Boyd by name or title once in the entire complaint–in his list of defendants and their addresses. Plaintiff does not describe any conduct of these Defendants showing that they gave consent to or condoned Defendant Casteel's actions. Therefore, as they are not personally responsible for any of the alleged misconduct, these Defendants shall be dismissed without prejudice.

**Pending Motion for Preliminary Injunction**

Plaintiff requests an injunction forcing Defendant Casteel to engage in certain acts as law librarian to help Plaintiff with his litigation (Doc. 3). "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th

Cir. 2004). *See also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995). As Plaintiff is no longer incarcerated, this motion is **DENIED** as moot.

**Pending Motion to Supplement**

Plaintiff moves to supplement his original complaint, adding a claim against an Adams County State's Attorney (Doc. 12). This claim is unrelated to the claims brought by Plaintiff in the instant complaint and must be brought in a separately-filed lawsuit. Therefore, Plaintiff's Motion to Supplement is **DENIED**.

**Pending Motion for Status**

On July 16, 2012, Plaintiff filed a motion for status (Doc. 13), which is **GRANTED**. The status of this case is reflected in the instant order.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunction (Doc. 3) and Motion to Supplement (Doc. 12) are **DENIED**. The motion for status (Doc. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants **SEIP, MARTIN, WATSON,** and **BOYD** are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendant **CASTEEL**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to

effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:   July 24, 2012

      *s/J. Phil Gilbert*
      **United States District Judge**